IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROBERT FREEMAN,<br>    PLAINTIFF, | |
| v. | CASE NO.: 4:20-cv-937 |
| CAPITAL MANAGEMENT HOLDINGS, LLC<br>DEBT MANAGEMENT PARTNERS, LLC, and<br>HARTFORD CASUALTY INSURANCE COMPANY,<br>    DEFENDANTS. | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Finance Code by Capital Management Holdings, LLC ("CMH") and Debt Management Partners, LLC ("DMP").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

### PARTIES

6. Plaintiff, Robert Freeman ("Plaintiff"), is an adult individual residing in Grayson County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. DMP is a Delaware company.

8. As will be described below, DMP purchased an Account allegedly owed by Plaintiff from a third-party for the purpose of collecting on that Account to make a profit.

9. The principal purpose of DMP is the collection of debts by using the mails and telephone and other means.

10. DMP regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. DMP is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as that term is defined by Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tx. Fin. Code § 392.001(7).

12. CMH is a New York company operating from Staten Island, New York, according to its website (www.cmhdebt.com) (last visited November 12, 2020).

13. CMH is not registered to do business in Texas, but can be served in New York via its registered agent, Corporation Service Company, at 80 State Street, Albany, NY 12207.

14. CMH advertises on its website (www.cmhdebt.com) (last visited November 12, 2020), that it "specializes in buying and selling debt."

15. As will be described below, CMH received placement of a past due account from DMP and attempted to collect that account from Plaintiff.

16. As will be described below, CMH directed communications to Plaintiff for the purpose of collecting the Account in question from him.

17. As can be seen on the website for the Better Business Bureau, other consumers have complained about the treatment they received during direct communications from CMH as

well (https://www.bbb.org/us/ny/staten-island/profile/collections-agencies/capital-management-holdings-0121-167012/complaints) (last visited November 12, 2020).

18. The principal purpose of CMH is the collection of debts using the mails and telephone and other means.

19. CMH regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

20. CMH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as that term is defined by Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tx. Fin. Code § 392.001(7).

21. Defendant Hartford Casualty Insurance Company ("Hartford") is the surety company for the bond DMP has on file with the Texas Secretary of State, bond number 20BSBGV8871. Hartford is liable for acts committed by DMP pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

22. Hartford is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## FACTUAL ALLEGATIONS

23. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, plaintiff believes the account

was an Ace Cash Express payday loan obtained to pay for various personal effects, but was not used for any business or commercial purposes.

24. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

25. The Account allegedly went into default with the original creditor, Ace Cash Express.

26. After the Account allegedly went into default, the Account was purchased by DMP for collection.

27. DMP placed the Account with, or otherwise transferred the Account to, CMH.

28. CMH then contacted Plaintiff directly to collect on the Account from Plaintiff.

29. DMP maintained a financial interest in the Account at all times relevant hereto, such that DMP would make more money if CMH collected on the Account than it would make if CMH did not collect on the Account.

30. Plaintiff admits the existence of the Account, but disputes the amount CMH and DMP attempted to collect from him.

31. Plaintiff requests that defendants cease all further communications regarding the Account.

32. Plaintiff called the original creditor and was directed to the purchaser of the Account, DMP. DMP then directed Plaintiff to CMH. CMH used two unregistered fictitious names in its attempts to collect from Plaintiff: "Charter" and "Coastal."

33. In the one year prior to the filing of this Complaint, on approximately August 14, 2020, CMH called Plaintiff and told him that if he did not repay the Account immediately, he would be sued. CMH would not provide any information to Plaintiff that would allow him to verify the caller, such as an address or a website, so Plaintiff disconnected the call.

34. After Plaintiff disconnected the call from CMH on approximately August 14, 2020, CMH immediately called Plaintiff back and left the following voicemail for Plaintiff::

    Robert, hanging up on me is not going to make this matter go away. This is Tara Johnson again and I am reaching out to you regarding a case that is in the process of being filed through Grayson County.  Now by law I have to make you aware that once case number 438063 is filed through the county it does become a matter of public record and there is an order for your location.  Now, since I was able to reach you by phone today Mr. Freeman, I have been instructed to contact your employer to speak to your supervisor because it looks like that is going to be your likely place of location.  Now Mr. Freeman, you do have the legal right to contact the proceedings office that is filing your case to update your information.  However, you would need to speak with them before your case is filed.  Once your case is discharged from their office all of your legal rights will be forfeited.  The phone number provided for that office is 844-463-9526.  It also states that you need to speak with the legal department.  Robert Lee Freeman you are being legally notified by telephone and you will be located unless I am instructed otherwise.

35. On approximately August 17, 2020, Plaintiff received another voicemail from CMH which stated the following:

    Robert, this is Tara Johnson contacting you once again in regards to a case that is now ready to be filed into Grayson County.  Now, I've reached out to you several times over the last few days and all correspondence have been ignored.  You've left me no choice but to forfeit your rights and have you located.  We have now verified your [inaudible] with whom several residential locations.  Now understand, you still have the right to contact them to [inaudible] case prior to this order of location being released.  I'll provide you the information to that office once again. Just there's no way for you to state you had no knowledge of this matter.  The phone number to that office is 844-463-9526.  Your case number is 438063.  This is considered a final legal notification by telephone and Robert Freeman you will be located unless I am instructed otherwise.

36. On approximately August 19, 2020, Plaintiff received another voicemail from CMH which stated the following:

    Robert, this is Tara Johnson contacting you for a final time in regard to your case that is now ready to be filed into Grayson County.  Now I've reached out to you several times but you have ignored all correspondences.  You've left me no choice but to forfeit your rights and

>have you located.  We have verified your commercial as well as residential locations.  Now you do have the right to contact the office that is filing this case and I'll provide the information to that office once again.  Just there is no way for you to state that you have no knowledge of this matter.  The phone number to that office is 844-463-9526.  Your case number is 438063.  This is your final notification by telephone and you will be located unless I am instructed otherwise.

37. These communications by CMH were false and deceptive as Plaintiff had not been and was not going to be sued on the Account, there were no criminal charges, no one was going to show up and find Plaintiff at commercial or residential addresses as threatened, there was no order to be issued by a court, there was no case and no legal rights were in danger of being forfeited.

38. By making all of the statements detailed above, CMH indirectly or directly told Plaintiff that a lawsuit had been filed or imminently would be filed against Plaintiff and by invoking "Grayson County" and "order for your location" CMH caused Plaintiff to believe that he was in danger of being criminally prosecuted on the Account.

39. The communications described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or imminently would be filed against him/her, that an attorney was working on recovery of the Account for CMH, that a process server was about to serve him or her at work or at home, that involuntary enforcement proceedings against the consumer were imminent and that criminal charges would be filed and that arrest of the consumer may occur.

40. All of the statements described above were made for the purpose of scaring Plaintiff into making a payment on the Account.

41. As of the filing of the original Complaint in this matter, no lawsuit has been filed against Plaintiff on the Account. At the time CMH made the statements detailed above, neither CMH nor DMP had any intent to sue Plaintiff on the Account.

42. In every communication with Plaintiff, CMH failed to inform Plaintiff that CMH was a debt collector, that CMH was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

43. In communications with Plaintiff, CMH failed to provide meaningful disclosure of its identity.

44. CMH never provided Plaintiff with notice of Plaintiff's rights to dispute the Account or request validity of the Account as required by 15 U.S.C. § 1692g.

45. CMH's collection practices caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish, embarrassment, mild depression and/or distraction from normal life.

46. CMH's purpose for calling Plaintiff was to attempt to collect the Account.

47. The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2).

48. On information and belief, DMP directly or indirectly, exerted influence over CMH and caused CMH to act in the manner that they did with respect to Plaintiff.

49. By virtue of having been sued by other Texas consumers for the bad acts of CMH, DMP knew that CMH repeatedly or continuously engaged in collection practices as described above.

50. During all times pertinent hereto, DMP (a) ratified the unlawful debt collection practices and procedures used by CMH and its employees and agents in connection with their common efforts to collect consumer debts, and/or (b) had knowledge of, approved,

participated in, ratified and benefitted financially from the unlawful debt collection practices used by CMH and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

51. The only reason that CMH and/or its representative(s), employee(s) and/or agent(s) made telephone call(s) to Plaintiff was to attempt to collect the Account.

52. The only reason that CMH and/or its representative(s), employee(s) and/or agent(s) had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

53. CMH conducted all of its collection attempts without a surety bond on file with the Texas Secretary of State.

54. All of the conduct by CMH and/or DMP and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

55. By virtue of having been sued by other Texas consumers for the bad acts of CMH, DMP had actual knowledge that CMH repeatedly or continuously engaged in acts or practices prohibited by Chapter 392 of the Texas Finance Code, specifically, but not limited to, collecting in Texas without a surety bond on file with the Texas Secretary of State.

56. As a consequence of Defendants' collection activities and communication(s), Plaintiff seeks damages and attorneys fees and costs pursuant to 15 U.S.C. § 1692k and damages, an injunction, attorneys fees and costs pursuant to Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

57. The representative(s) and/or collector(s) at CMH were employee(s) and/or agents of CMH at all times mentioned herein.

58. The representative(s) and/or collector(s) at CMH were acting within the course of their employment at all times mentioned herein.

59. The representative(s) and/or collector(s) at CMH were under the direct supervision and control of CMH at all times mentioned herein.

60. The actions of the representative(s) and/or collector(s) at CMH are imputed to their employer, CMH.

61. DMP was aware of and profited from the collection methods and practices used by CMH's employees.

62. The actions and inactions of CMH, and its employee(s) and/or agents, are imputed to DMP.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq. BY CAPITAL MANAGEMENT HOLDINGS, LLC

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. The act(s) and omission(s) of CMH and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d generally and § 1692d(2)&(6) specifically and §1692e generally and specifically §1692e(2)& (3)&(4)&(5)&(7)&(8)&(10)&(11)&(13)&(14)and §1692g(a).

65. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from CMH.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY CAPITAL MANAGEMENT HOLDINGS, LLC

66. The previous paragraphs are incorporated into this Count as if set forth in full.

67. The act(s) and omission(s) of CMH and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.101 and §392.301(a)(2)&(3)&(5)&(6)&(7)&(8) and §392.302(1) and §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19).

68. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against CMH enjoining it from future violations of the Texas Finance Code as described herein.

69. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from CMH.

70. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from CMH.

71. Pursuant to Tex. Fin. Code §392.403(e), Plaintiff seeks statutory damages of not less than $100 for each violation of the chapter in which Tex. Fin. Code §392.403(e) is codified.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY CAPITAL MANAGEMENT HOLDINGS, LLC

72. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, CMH is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).  CMH intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

73. Plaintiff suffered actual damages from CMH as a result of the intrusion on Plaintiff's privacy.

## COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY DEBT MANAGEMENT PARTNERS, LLC

74. The previous paragraphs are incorporated into this Count as if set forth in full.

75. By having a financial interest in CMH's conduct toward Plaintiff, DMP is liable for the act(s) and omission(s) of CMH and their representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692d generally and § 1692d(2)&(6) specifically and

§1692e generally and specifically §1692e(2)& (3)&(4)&(5)&(7)&(8)&(10)&(11)& (13)&(14)and §1692g(a).

76. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from DMP.

## COUNT V:  VIOLATIONS OF THE TEXAS FINANCE CODE BY DEBT MANAGEMENT PARTNERS, LLC

77. The previous paragraphs are incorporated into this Count as if set forth in full.

78. By having a financial interest in CMH's conduct toward Plaintiff, DMP is liable for the act(s) and omission(s) of CMH and their representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code §392.101 and §392.301(a)(2)&(3)&(5)&(6)&(7)&(8) and §392.302(1) and §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19).

79. DMP is additionally liable to Plaintiff under Tex. Fin. Code §392.306.

80. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against DMP enjoining it from future violations of the Texas Finance Code as described herein.

81. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from DMP.

82. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from DMP.

83. Pursuant to Tex. Fin. Code §392.403(e), Plaintiff seeks statutory damages of not less than $100 for each violation of the chapter in which Tex. Fin. Code §392.403(e) is codified.

## COUNT VI:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY DEBT MANAGEMENT PARTNERS, LLC

84. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action

pled here, DMP is liable to Plaintiff for colluding with CMH to invade Plaintiff's privacy (intrusion on seclusion). DMP intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

85. Plaintiff suffered actual damages from DMP as a result of the intrusion on Plaintiff's privacy.

### COUNT VII: IMPUTED LIABILITY OF HARTFORD CASUALTY INSURANCE COMPANY FOR LIABILITY OF DEBT MANAGEMENT PARTNERS, LLC

86. The previous paragraphs are incorporated into this Count as if set forth in full.

87. The act(s) and omission(s) of DMP and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.101 and §392.301(a)(2)&(3)&(5)&(6)&(7)&(8) and §392.302(1) and §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19) and §392.306 are imputed to Hartford pursuant to Tex. Fin. Code § 392.102.

88. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Hartford.

### EXEMPLARY DAMAGES

89. Exemplary damages should be awarded against CMH and/or DMP because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by CMH and/or DMP to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that CMH's and/or DMP's actions and/or omissions (i) when viewed objectively from CMH's and/or DMP's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that CMH and/or DMP had an actual, subjective awareness of the risk involved but

nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

90.    Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

91.    Judgment in favor of Plaintiff and against Capital Management Holdings, LLC as follows:

   a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

   e. Statutory damages of not less than $100 for each violation of the chapter in which Texas Fin. Code §392.403(e) is codified;

   f. An injunction permanently enjoining CMH following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

   g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

   h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

   i. Such other and further relief as the Court deems just and proper.

92. Judgment in favor of Plaintiff and against Debt Management Partners, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

    e. Statutory damages of not less than $100 for each violation of the chapter in which Texas Fin. Code §392.403(e) is codified;

    f. An injunction permanently enjoining DMP following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

    g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

    h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    i. Such other and further relief as the Court deems just and proper.

93. Judgment in favor of Plaintiff and against Hartford Casualty Insurance Company as follows:

    a. Statutory damages in the amount of not less than $100 for each violation of Tex. Fin. Code chapter 392, pursuant to Tex. Fin. Code § 392.403;

    b. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    c. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
_____
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff